IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLY HOLLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:10cv182-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff Kimberly Hollon applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the Act), 42 U.S.C. §§ 401-33 and 1381-83c, respectively.  Plaintiff's application was denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ).  Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the Court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c),

---

[1]Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

both parties have consented to the conduct of all proceedings and entry of a final judgment

by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #12);

Def.'s Consent to Jurisdiction (Doc. #13).  Based on the Court's review of the record and the

briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of
> Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next

question, or, on steps three and five, to a finding of disability.  A negative

answer to any question, other than step three, leads to a determination of "not

---

[2]      A "physical or mental impairment" is one resulting from anatomical,
physiological, or psychological abnormalities which are demonstrable by medically acceptable
clinical and laboratory diagnostic techniques.

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.

---

[3]      *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4]      *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

4

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-three years old at the time of the hearing before the ALJ, and had at least a high school education (Tr. 24).  Plaintiff's past relevant work experience was as a waitress, cashier/checker, and manager/warehouse manager.  *Id*.  At Step 1, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date (Tr. 12). At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: degenerative disc disease of the cervical spine; right sacroilitis; obesity; major depressive disorder, NOS; and anxiety disorder, NOS.  *Id*.   Next, the ALJ found that Plaintiff retains the RFC to: perform less than a full range of light work; occasionally lift and/or carry (including upward pulling) 20 pounds; frequently lift and carry 10 pounds; stand and/or walk (with normal breaks) for a total of about 6 hours, and sit (with normal breaks) for a total of about 6 hours in an 8-hour workday; occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl; never climb ladders/ropes/scaffolds or engage in activities involving unprotected heights; frequently reach, except for only occasionally reach overhead; no concentrated exposure to work in and/or around temperature extremes, vibration, and dangerous hazards such as unprotected heights and moving machinery; visual acuity in the right eye (OD): 20/20, and the left eye (OS): 20/200;  understand and remember simple, one and two-step tasks;  maintain concentration, persistence, and pace sufficient to complete simple tasks within customary tolerances taking advantage of all breaks;  miss one to two days per month due to psychological symptoms;  infrequent and casual contact with the

5

public; direct and non-confrontational supervision; and infrequent and gradually introduced tasks. Tr. 21-22. Finally, the ALJ found that, given Plaintiff's age, education, work experience, and RFC, and after consulting with a vocational expert, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: small production assembler; hand packer; and cleaner/housekeeper (Step 5) (Tr. 25). Accordingly, the ALJ determined that Plaintiff had not been under a disability during the relevant time period. *Id*.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents two claims for this court's review: whether the ALJ failed to "evaluate the limitations imposed by the combination of [Plaintiff's] impairments under the proper legal standard;" and whether the ALJ erred "in not adequately considering the impact of obesity on [Plaintiff's] ability to perform work related activities." The court will address each of these claims below.

### A.   *Whether the ALJ properly considered Plaintiff's impairments individually and in combination.*

Plaintiff argues that the ALJ simply made a conclusory statement that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. She argues that this conclusory statement falls short of the requirement that the ALJ "make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be

6

disabled."  *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987) (quoting *Bowen v.*

*Heckler*, 748 F.2d 629, 635 (11th Cir.1984)).

Plaintiff relies on *Williams v. Barnhart*, 186 F. Supp. 2d 1192 (M.D. Ala. 2002), to

argue that the ALJ's failure to make express findings regarding the combined effects of both

Plaintiff's physical and mental impairments is reversible error.  "In *Williams*, the ALJ

'simply failed to address' some of the claimant's alleged impairments in the decision, and

the decision did not 'reveal the extent to which the ALJ evaluated those symptoms or

impairments beyond step two of the sequential evaluation process.'" *White v. Astrue*, 2010

WL 1729113, *5 (M.D.Ala. Apr. 28, 2010) (quoting *Williams*, 186 F. Supp. 2d at 1197-98).

In the present case, the ALJ does discuss Plaintiff's mental and physical impairments and

their combined effect under the proper standard.

Plaintiff's argument that the ALJ simply made a conclusory argument appears to be

entirely based on the conclusory statement found in the section heading where the ALJ

announces his findings at Step Two (Tr. 20), but ignores the ALJ's detailed analysis just

under the heading and throughout the opinion.  That the ALJ considered the impairments in

combination is evident not only from his multiple express statements of such, *see, e.g.,* Tr.

20-22, but also based on his detailed findings.  For example, the ALJ found that Plaintiff's

"medically determinable impairments could reasonably be expected to cause some of the

alleged symptoms; however, [her] statements concerning the intensity, persistence and

limiting effects of these symptoms [were] not credible to the extent they [were] inconsistent

with the [RFC] assessment." Tr. 23.[5]  The ALJ goes on to discuss Plaintiff's claims of mental

limitations, including depression and anxiety, as well as her claims of physical pain.

Further, the multiple restrictions set forth in the RFC, as noted above, evidence the

ALJ's consideration of Plaintiff's mental and physical limitations, because it contains both

physical and mental restrictions.  In addition, the hypothetical question to the VE included

both mental and physical limitations in combination.  Tr. 41.  After reviewing the ALJ's

decision, the court finds this claim to be without merit.

**B.      _Whether the ALJ erred in not adequately considering the impact of obesity
on Plaintiff's ability to perform work related activities._**

Plaintiff argues the ALJ failed to comply with SSR 02-01p in not adequately

considering the impact of obesity on Plaintiff's ability to perform work-related activities.

Plaintiff did not allege obesity as a disabling impairment, yet the ALJ found that Plaintiff

suffered from the severe impairment of obesity.  Tr. 12.

As discussed above, the ALJ imposed a multitude of limitations in the RFC.  And,

despite Plaintiff's assertions to the contrary, expressly stated that he had taken Plaintiff's

obesity into account when formulating the RFC. Tr. 22.  The ALJ also stated that "[i]f the

claimant engaged in a proper diet and exercise it is expected that she could lose weight and

improve her physical condition, and, considering her young age, it is expected that if she did

---

[5] The ALJ made credibility determinations regarding both Plaintiff's mental and physical
complaints.  Plaintiff does not attack those credibility determinations.

so her obesity would be in the future *even less of a factor in limiting her abilities than it is now*." Tr. 25 (emphasis added).  Clearly the ALJ took Plaintiff's obesity into consideration when setting forth the RFC limitations.

Finally, Plaintiff points to no evidence of record that her obesity was disabling, either singularly or in combination with any other impairment.  In fact, Plaintiff fails to point to any part of the RFC to which she objects based on her obesity.  The RFC formulated for Plaintiff was for less than a full range of light work, with multiple restrictions.  Tr. 21.  This assessment was supported by substantial evidence and the court finds this claim to be without merit.

## V.     CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is supported by substantial evidence and is, therefore, AFFIRMED.

A separate judgment will issue.

DONE this 31st day of January, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE